ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **EDGARDO G. DI CRISTINA ACEVEDO** RECURRENTE(S) <br><br> **V.** <br><br> **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** RECURRIDA(S) | **TA2025RA00352** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente de la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS EL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** <br><br> Caso Núm. **ICHS-40-25** <br><br> Sobre: Solicitud de Documentos |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 28 de enero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **EDGARDO G. DI CRISTINA ACEVEDO** (señor **DI CRISTINA ACEVEDO**) mediante *Revisión Judicial* interpuesta el 20 de octubre de 2025.[1] En su recurso, nos solicita que revisemos la *Respuesta del Área Concernida/Superintendente* (*Respuesta*) decidida el 17 de julio de 2025 por la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.[2] Mediante la antedicha *Respuesta*, en lo pertinente, se expresó:

> "[...] las certificaciones son procesadas exclusivamente a través de la Junta de Libertad bajo Palabra. Esta servidora no está facultada

---

[1] **En futuras ocasiones, el Departamento de Corrección y Rehabilitación (DCR) deberá suministrar la *Solicitud para Declaración de Indigencia* [Formulario OAT 1480 Rev. Septiembre 2025] para que la parte promovente pueda cumplimentar la misma y sea certificada en presencia de los funcionarios autorizados en la agencia. Plan de Reorganización de Corrección, Plan de Reorganización Núm. 2-2011, 3 LPRA Ap. XVIII, Artículo 7 (11).**

[2] Este dictamen administrativo fue notificado el 23 de julio de 2025. Apéndice de la *Revisión Judicial*, entrada núm. 6 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

para emitir certificación alguna sin contar con evidencia oficial que así lo disponga.

En relación con su manifestación de que ha cumplido con lo dispuesto en el Artículo 95 (Asesinato), sería necesario revisar su expediente criminal a profundidad con el fin de validar su premisa. Solo una vez recibida la documentación pertinente de parte de la Junta, se podrá proceder con la certificación correspondiente [...]".

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El señor **DI CRISTINA ACEVEDO,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en la Institución Correccional Sabana Hoyos en Arecibo. Ello por los delitos del Art. 95 (asesinato atenuado) del Código Penal de Puerto Rico de 2012 así como los Art. 5.04 y 5.15 de la *Ley de Armas de Puerto Rico*, conocida como la Ley Núm. 404 de 11 de septiembre de 2000.

El 14 de julio de 2025, el señor **DI CRISTINA ACEVEDO** presentó una *Solicitud de Remedio Administrativo* ante la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** a la cual se le asignó el número: **ICSH-40-25**.[3] En esta, manifestó haber planteado anteriormente su requerimiento de una certificación para ser remitida a la consideración de la Junta de Libertad Bajo Palabra (JLBP) ello a la señora Lizbeth Rodríguez Serrano, técnico sociopenal. El 17 de julio de 2025, se emitió la *Respuesta al Miembro de la Población Correccional* (*Respuesta*) recurrida.

Insatisfecho, el 23 de julio de 2025, el señor **DI CRISTINA ACEVEDO** suscribió una *Solicitud de Reconsideración*.[4] El aludido petitorio fue presentado el 7 de agosto de 2025 ante la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**. Así, el 21 de agosto de 2025, se expidió la *Respuesta de*

---

[3] Apéndice de la *Revisión Judicial*, entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[4] Apéndice de la *Revisión Judicial*, entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

*Reconsideración al Miembro de la Población Correccional* en la cual se acogió la interpelación.[5] Posteriormente, el 2 de septiembre de 2025, se intimó *Resolución* conteniendo las siguientes determinaciones de hechos:

1.      El recurrente presentó Solicitud de Remedios Administrativos el 17 de julio de 2025 ante [el] Evaluador de Remedios Administrativos, Ovidio González Latorre de la Oficina de Arecibo. En su escrito[,] alega solicita certificación para la Junta de Libertad Bajo Palabra.
2.      Se realiza Notificación a la Sra. Lisbeth Rodríguez Serrano, Técnico de Récords Criminal, Institución Correccional Sabana Hoyos 216 el 17 de julio de 2025.
3.      Se recibe respuesta en la Oficina de Remedios Administrativos el 17 de julio de 2025 por parte de la Sra. Lisbeth Rodríguez Serrano, Técnico de Récords Criminal, Institución Correccional Sabana Hoyos 216.
4.      El 17 de julio de 2025, el Sr. Ovidio González Latorre, Evaluador de Remedios Administrativos de Arecibo realiza la Respuesta al Miembro de la Población Correccional.
5.      El 23 de julio de 2025[,] se hace la entrega al recurrente del Recibo de Respuesta.
6.      El 7 de agosto de 2025, el recurrente inconforme con la respuesta emitida, presentó Solicitud de Reconsideración ante el Coordinador Regional de Remedios Administrativos. En síntesis, arguye que no está de acuerdo con la respuesta recibida.
7.      El 21 de agosto de 2025[,] se acoge la petición de reconsideración.
[...]
Se orienta al recurrente que los documentos y certificaciones solicitados por la Junta de Libertad Bajo Palabra son diligencias a través del Área Sociopenal. [Además], este trámite es uno totalmente administrativo.
                              DISPOSICIÓN
A base de lo antes explicado confirmamos y ampliamos la respuesta recibida por de la Sra. Lisbeth Rodríguez Serrano, Técnico de Récords Criminal, Institución Correccional Sabana Hoyos 216.[6]
[...]

En desacuerdo, el 20 de octubre de 2025, el señor **DI CRISTINA ACEVEDO** acudió mediante su *Revisión Judicial* ante este foro intermedio señalando el(los) siguiente(s) error(es):

Primer error: La división de documentos y récord nivel institucional es el área responsable de mantener la información y realizar cómputos y re-cómputos de las sentencias manteniendo las proyecciones de salida y de calificación para libertad bajo palabra y no es el tec socio penal como dispuso en la resolución.

Segundo error: La sección 10.1 del Reglamento de la Junta establece que se tomara en consideración la totalidad del

---

[5] Apéndice de la *Revisión Judicial*, entrada núm. 8 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Dicha decisión administrativa fue notificada el 10 de octubre de 2025. Apéndice de la *Revisión Judicial*, entradas núm. 1-2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

expediente penal eso incluye, tanto las sentencias cumplidas como las que restan por cumplir. Véase Reglamento número 9603 de 25 de septiembre de 2024.

Tercer error: El debido proceso de ley establece la totalidad del expediente para así resolver de la manera más justa la controversia.

Cuarto error: La Junta solicita una relación de liquidación de sentencias que cumple el peticionario. Véase Reglamento de la Junta sección 10.1 (B)(2). La cual irresponsablemente por tec de récord institucional no tiene en su poder la J.L.B.P.

El 20 de noviembre de 2025, pronunciamos *Resolución* en la cual, entre otras, requiriéndole al señor **DI CRISTINA ACEVEDO** cumplimentar la *Solicitud para Declaración de Indigencia* [Formulario OAT 1480 Rev. Septiembre 2025] y concediéndole al **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** un término de treinta (30) días para presentar su alegato oposición. Después, el 23 de diciembre de 2025, el **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** presentó su *Escrito en Cumplimiento de Resolución.*

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A - *REVISIÓN ADMINISTRATIVA*

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) provee un cuerpo de reglas mínimas para gobernar los procesos de adjudicación y reglamentación en la administración pública.[7] Su sección 4.1 instituye la *revisión judicial* de las determinaciones finales de las agencias por este Tribunal de Apelaciones.[8]

La *revisión judicial* tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley.[9] El criterio rector al momento de pasar juicio sobre una decisión de un

---

[7] Conocida como la Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601-9713; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).
[8] 3 LPRA § 9671.
[9] *Torres v. Junta Ingenieros*, 161 DPR 696, 707 (2004).

foro administrativo es la *razonabilidad* de la actuación de la agencia.[10] Nuestra evaluación de la decisión de una agencia se circunscribe, entonces, a determinar si esta actuó de forma arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción.[11]

Empero, las decisiones de los organismos administrativos especializados gozan de una presunción de legalidad y corrección, por lo que, sus conclusiones e interpretaciones merecen gran consideración y respeto.[12] Por ello, al ejecutar nuestra función revisora, este Tribunal está obligado a considerar la especialización y experiencia de la agencia, distinguiendo entre cuestiones de interpretación estatutaria —sobre las que los tribunales son especialistas— y cuestiones propias de la discreción o pericia administrativa.[13] Ello implica que los dictámenes de los entes administrativos merecen deferencia judicial.[14]

Ahora bien, tal norma no es absoluta. Nuestro más alto foro ha instaurado que no podemos dar deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.[15] Particularmente, concretó las normas básicas sobre el alcance de la *revisión judicial* al expresar:

> [L]os tribunales deben dar deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

---

[10] *Otero v. Toyota*, 163 DPR 716 (2005).
[11] *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).
[12] *Torres Rivera v. Policía de PR,* 196 DPR 606, 625- 626 (2016)*; García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008).
[13] *OCS v. Point Guard Ins*., 205 DPR 1005, 1028 (2020).
[14] *DACo v. Toys "R" Us*, 191 DPR 760, 765 (2014).
[15] *Torres Rivera v. Policía de PR*, *supra*.

El alcance de la *revisión judicial* de las determinaciones administrativas se ciñe a determinar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en *evidencia sustancial* que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas.[16]

En cuanto a las determinaciones de hechos, estas serán sostenidas por los tribunales si están respaldadas por *evidencia sustancial* que surja del expediente administrativo considerado en su totalidad.[17] La *evidencia sustancial* es aquella relevante que una mente razonable puede aceptar como adecuada para sostener una conclusión.[18] Debido a la presunción de legalidad y corrección que cobija a las decisiones de las agencias administrativas, quien alegue ausencia de *evidencia sustancial* debe presentar prueba suficiente para derrotar dicha presunción.[19] Para ello "tiene que demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración".[20] De modo que no podrá basarse únicamente en simple alegaciones. A esto se le conoce como la norma de la *evidencia sustancial*, con la cual se persigue evitar sustituir el criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor.[21] Aun cuando exista más de una interpretación razonable de los hechos, el tribunal debe dar deferencia a la agencia, y no sustituir su criterio por el de esta.[22]

Por otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[23] Así, debemos

---

[16] Sección 4.5 de la LPAU, 3 LPRA § 9675; *OEG v. Martínez Giraud*, 210 DPR 79 (2022).
[17] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).
[18] *Otero v. Toyota, supra*, pág. 728.
[19] *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019).
[20] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).
[21] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003).
[22] *Íd.*
[23] *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Es por ello, que, ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial.[24]

En resumen, si la decisión recurrida es razonable y se sostiene en la *evidencia sustancial* que obra en el expediente administrativo, procede su confirmación.[25] Por el contrario, los tribunales revisores podemos intervenir con la decisión recurrida cuando no está basada en *evidencia sustancial*, o cuando la actuación es arbitraria, irrazonable o ilegal, o cuando afecta derechos fundamentales.[26] Del mismo modo, el Prof. Echevarría Vargas ha puntualizado que las decisiones de las agencias gubernamentales no deben ser "revocadas o modificadas salvo que conste una actuación arbitraria, ilegal o irrazonable".[27]

### - B - *REGLAMENTO 8583*

El 4 de mayo de 2015, se aprobó el *Reglamento 8583* conocido como el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional (Reglamento)*. El objetivo de dicho *Reglamento* es que todas las personas institucionalizadas tengan un ente administrativo, en primera instancia, en el cual puedan presentar una solicitud de remedio, con el objetivo de reducir las diferencias que pueda haber entre la población correccional y el personal.[28] Además, de poder evitar o reducir los pleitos ante los tribunales.[29]

Mediante el *Reglamento 8583* se creó la *División de Remedios Administrativo (División)* con el motivo de atender las quejas o agravios que tengan los penados en contra del organismo del **DCR** y su personal. La Regla

---

[24] *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011).
[25] *García Reyes v. Cruz Auto Corp.*, *supra*, pág. 893.
[26] *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581 (2020); *JP, Plaza Santa Isabel v. Cordero Badillo*, *supra*.
[27] Echevarría Vargas, J. A., *Derecho Administrativo Puertorriqueño*, 5ta. ed. Rev., San Juan, Ed. Situm, 2023, pág. 340.
[28] *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583* de 4 de mayo de 2015, pág. 1.
[29] *Id.*

VI del antes mencionado *Reglamento* dispone que la *División* tendrá jurisdicción para ventilar las quejas sobre cualquier incidente o reclamación que comprenda las disposiciones del *Reglamento*.[30] En lo que respecta a las responsabilidades de los reclusos los remedios solicitados deben ser claros, concisos, honestos y de buena fe.[31]

El recluido que tenga una queja presentará una solicitud de remedio ante la *División*. La reclamación será examinada por un evaluador. Si el internado no está conforme, este puede interpelar una reconsideración ante el coordinador dentro un término de veinte (20) días a partir la notificación de la *Respuesta*.[32] En el caso de que el coordinador deniegue de plano o no conteste la solicitud de reconsideración podrá acudir en *revisión judicial* ante el Tribunal de Apelaciones en un término de quince (15) días.[33]

- III -

El señor DI CRISTINA ACEVEDO apuntala que la DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR) se equivocó; procede que se revoque la *Respuesta*; y se expida una certificación dirigida a la JLBP. En su argumentación, propone cuatro (4) señalamientos de error que discutiremos en conjunto.

Por otro lado, el **DCR** aduce que la decisión administrativa es una respuesta apropiada y razonable al referir al señor DI CRISTINA ACEVEDO a hacer su requerimiento de certificación ante la oficina del Área Sociopenal o su técnico sociopenal (TSS). Además, expone que el señor DI CRISTINA ACEVEDO nunca ha especificado qué tipo de documento o certificación está pidiendo toda vez que en su *Solicitud de Remedio Administrativo* enuncia*:*

> "la certificación de que el art[í]culo 95 Asesinato Atenuado el aquí solicitante ya lo cumplió para el día 24 de abril de 2025, para que sólo este pendiente por cumplir los trece (13) años de la Ley 5.05 y 5.15 de la derogada Ley de Armas [...]".

---

[30] *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583* de 4 de mayo de 2015, pág. 13.
[31] *Id.,* pág. 15.
[32] *Id.,* pág. 30.
[33] *Id.,* pág. 31.

Por ende, desconoce si en realidad procura una *Hoja de Control de Liquidación de Sentencia*; el referido de **DCR** a la JLBP; o se le prepare una certificación de los delitos cumplidos.

Conceptuamos que la *Respuesta* está sustentada en el trámite administrativo acompañada de una presunción de corrección. Más aún, no existen fundamentos o motivos que justifiquen nuestra intervención con la discreción administrativa del **DCR,** en torno al señor **DI CRISTINA ACEVEDO** tramitar la obtención del documento por conducto de la oficina del Área Sociopenal o su técnico sociopenal (TSS). Las alegaciones del señor **DI CRISTINA ACEVEDO** carecen de fundamento para derrotar la presunción de validez de la *Respuesta* ante el hecho de que existe una imprecisión sobre el motivo o propósito de la certificación. Tampoco se ha demostrado que la agencia administrativa haya actuado de manera arbitraria, irrazonable o ilegal, o afectado los derechos fundamentales del señor **DI CRISTINA ACEVEDO**. En consecuencia, no procede que sustituyamos el criterio administrativo por la nuestra, y hallamos que debemos abstenernos de intervenir con la *Respuesta*. Por ello, discernimos que el **DCR** no incidió en el(los) error(es).

- IV -

Por los fundamentos antes expuestos, ***confirmamos*** la *Respuesta del Área Concernida/Superintendente* (*Respuesta*) expedida el 17 de julio de 2025 por la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a) EDGARDO G. DI CRISTINA ACEVEDO quien se encuentra bajo la custodia del DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR): Institución 216 Sabana Hoyos HC-1 Box 71671 Sabana Hoyos, PR 00688 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones